**Anne STANTON, Respondent,**

v.

**MAZDA 2001 VIN 4F2YU08121KM57063, PLATE NO. GLE 228(MN) Date of Seizure: 09/09/01, Appellant.**

No. C3–02–1586.

Court of Appeals of Minnesota.

April 22, 2003.

---

John A. Price III, Lakeville, MN, for respondent.

Michael A. Fahey, Carver County Attorney, Robert G. Hendricks, Martha E. Mattheis, Assistant County Attorneys, Chaska, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge, SCHUMACHER, Judge, and ANDERSON, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

The state appeals the district court's ruling that respondent Anne Stanton had a bona fide security interest in her granddaughter's vehicle that was seized by the state. We affirm.

## FACTS

On May 8, 2001, Stanton co-signed on an installment loan for her granddaughter to purchase a 2001 Mazda automobile. The loan was guaranteed by Stanton's savings account. Granddaughter wrote a letter to Stanton that same day pledging the vehicle as collateral for the loan. Neither party ever registered Stanton's interest in the vehicle with the state.

On September 9, 2001, granddaughter was stopped and arrested for driving under the influence of alcohol. She had two prior driving while impaired violations within ten years and was charged with first-degree driving while impaired. She was also served with a notice of intent to forfeit the Mazda which she was driving at the time, as mandated by Minn.Stat. § 169A.63, subd. 6 (2002). The statute provides that a "motor vehicle is subject to forfeiture * * * if it was used in * * * conduct resulting in a designated license revocation." *Id.* A designated license rev-

ocation includes a third impaired driving incident within a ten year period. Minn. Stat. § 169A.63 subd. 1(c) (2002).

Stanton filed a petition for judicial determination of forfeiture claiming she had a bona fide security interest in the vehicle. The district court agreed, finding that Stanton had a bona fide security interest in the vehicle. The state filed a motion for reconsideration, which was denied. This appeal followed.

## ISSUE

Did Stanton have a bona fide interest in the vehicle under Minn.Stat. § 169A.63, subd. 7 if the interest was not perfected pursuant to Minn.Stat. § 168A.17?

## ANALYSIS

■ Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998). The initial inquiry when interpreting a statute involves a determination as to whether the statute's language is clear or ambiguous. *American Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn. 2000). "A statute is not ambiguous unless the language used is subject to more than one reasonable interpretation." *Id.*

Minn.Stat. § 169A.63, subd. 7(b) provides:

A vehicle encumbered by a bona fide security interest * * * is subject to the interest of the secured party * * * unless the party * * * had knowledge of or consented to the act upon which the forfeiture is based.

Basic rules of statutory construction instruct that words and phrases are to be construed according to their plain and ordinary meaning. *Frank's Nursery Sales, Inc. v. City of Roseville,* 295 N.W.2d 604, 608 (Minn.1980).

■ This court has defined the plain meaning of the phrase "bona fide" as "made in good faith without fraud or deceit," or "in or with good faith; honesty, openly, and sincerely * * * real, actual, genuine, and not feigned." *Rogers v. Ponti–Peterson Post No. 1720,* 495 N.W.2d 897, 901 (Minn.App.1993) (citations omitted). We conclude that Stanton had a bona fide security interest in the vehicle. Granddaughter sent Stanton a letter confirming that the vehicle was collateral for the loan. Stanton presented an affidavit in which she stated that the vehicle was collateral for granddaughter's loan thus showing that she had a bona fide security interest in the vehicle. We find that the vehicle is subject to that interest pursuant to Minn.Stat. § 169A.63.

The state claims that because Stanton's security interest was never perfected under Minn.Stat. § 168A.17, she does not have a bona fide security interest. That statute provides that

a security interest in a vehicle of a type for which a certificate of title is required is not valid against creditors of the owner or subsequent transferees or secured parties of the vehicle unless perfected * * *.

* * * *

A security interest is perfected by the delivery to the department of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the secured party, the date of the secured party's security agreement and the required fee.

Stanton's security interest was never perfected under this statute. Failing to perfect the security interest may make the interest invalid against granddaughter's creditors. However, the forfeiture statute provides for an interest in the vehicle even if the security interest is not perfected. Minn.Stat. § 169A.63, subd. 7 only man-

dates that there be a "bona fide security interest," not a "perfected security interest," or even a "security interest." We conclude that by adding the phrase "bona fide" the legislature intended that something less than a perfected security interest would suffice under the statute. The legislature intends to give effect to all words of a statute. Minn.Stat. § 645.16 (2002). To have a "bona fide security interest" under Minn.Stat. § 169A.63, subd. 7 does not require that the security interest be perfected as provided in Minn.Stat. § 168A.17.

## DECISION

The district court did not err in ruling that Stanton had a bona fide security interest in the Mazda.

**Affirmed.**